IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISSETTE RAMIREZ | § § § | |
| V. | § § | CIVIL ACTION NO. 4:09-cv-03969 |
| ALDREAMIA OMAR INSURANCE AGENCY OF TEXAS, INC. and BILAL JORDAN | § § § § | |
| SHOLA AKINTUNDE | § § § | |
| V. | § § | CIVIL ACTION NO. 4:10-cv-00347 |
| ALDREAMIA OMAR INSURANCE AGENCY OF TEXAS, INC. and BILAL JORDAN | § § § § | |

**PLAINTIFFS' MOTION FOR JUDGMENT ON THE VERDICT, MOTION FOR AWARD OF REASONABLE ATTORNEYS FEES AND COSTS, MOTION FOR AWARD OF LIQUIDATED DAMAGES, AND MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiffs, LISSETTE RAMIREZ and SHOLA AKINTUNDE, by and through their undersigned counsel, move this Court to enter a judgment in favor of LISSETTE RAMIREZ and SHOLA AKINTUNDE and against Bilal Jordan and Aldreamia Omar Insurance Agency of Texas, Inc., jointly and severally liable, in support thereof state as follows:

**Memorandum of Law**

This litigation arises from a consolidation of two cases brought by two different plaintiffs (Lissette Ramirez and Shola Akintunde) against the same two defendants (Bilal Jordan and Aldreamia Omar Insurance Agency of Texas, Inc.) for unpaid overtime. In addition, Lissette Ramirez brought a claim for unpaid minimum wages. From August 22, 2011 through August 25, 2011, a jury trial was

held in the above-referenced consolidated case. At the conclusion of that trial, the jury awarded Plaintiffs the full relief they sought (Ramirez $3,321.70 and Akintunde $1,038.60), thereby entitling Plaintiffs to judgment on the verdict. In addition, as the prevailing plaintiffs by virtue of the verdict, Plaintiffs are entitled to an award of reasonable attorneys fees and costs pursuant to 29 U.S.C. §216. Finally, Plaintiffs seek an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

**I.     JUDGMENT ON THE VERDICT**

Plaintiffs, LISSETTE RAMIREZ and SHOLA AKINTUNDE, by and through their undersigned counsel, move this Court to enter a judgment in conformity with the jury's verdict rendered in this matter on August 25, 2011. Specifically, Plaintiffs judgment entered against the Bilal Jordan and Aldremia Omar Insurance Agency of Texas, Inc., jointly and severally liable, and in favor of Lissette Ramirez in the amount of $3,321.70 and in favor of Shola Akintunde in the amount of $1,038.60.

**II.    REASONABLE ATTORNEYS FEES AND COSTS**

Plaintiffs are entitled to their reasonable attorneys fees and costs as prevailing plaintiff in this matter. 29 U.S.C. §216. In considering a reasonable fee in these cases, the Court should take note of the reasonableness in which Plaintiffs conducted themselves in settlement negotiations. In the course of the litigation, the parties held a settlement conference at which the Plaintiffs offered to settle their claims for $12,000.00 inclusive of fees and costs. Approximately one week prior to the commencement of the trial, Plaintiffs offered to settle all claims for an extremely reasonable amount of $10,000.00 which Defendants rejected. Plaintiffs now seek $79,543.75 for their reasonable attorneys fees and $7,543.83 in reimbursable costs.

In evaluating a fee award, the Court determines the amount of attorneys' fees to which a prevailing party is entitled through a two-step process. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir.

2000), cert. denied, 533 U.S. 929 (2001). The court first calculates the "lodestar" by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate. *Id*. A reasonable rate for attorneys' fees awarded is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. See *Cope v. Duggins*, 203 F.Supp.2d 650, 655 (E.D. La. 2002) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). FLSA plaintiffs seeking attorneys' fees "are charged with the burden of showing the reasonableness of the hours billed . . . ." *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 799 (5th Cir. 2006); see also *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (stating that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). Plaintiffs' counsel, however, "is not required to record in great detail how each minute of his time was expended," but should at a minimum "at least identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n. 12.

The Tenth Circuit has set forth five general standards for a court to review when assessing the reasonableness of the number of attorney hours:

(1) Whether time entries exceeding 6 to 7 hours for a single attorney on any given day reflect work that was reasonably justified;

(2) Whether time spent in each specific task was excessive;

(3) Whether work sought to be charged to the adverse party would normally be billed to a paying client;

(4) Whether any services were duplicated, and

(5) Whether time spent on the case at hand was for necessary or related matters or was nonproductive time.

*Ramos v. Lamm*, 713 F.2d 546, 552-54 (10th Cir.1983). The only factor which would weigh against

the hours reported by Plaintiffs' counsel is number (1) above. During the trial period, attorneys Scalise and Ross spent in excess of 6 or 7 hours of trial preparation and the trial itself. However, trial preparation and trying the case are concentrated activities justifying extended hours of work. Furthermore, the use of two attorneys on this case did not duplicate services since this case was a consolidation of two separate claims and claimants. Indeed, both attorneys participated in presenting the case and arguing motions to the bench.

At the second step, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), although the most important of these factors is the overall degree of success achieved. *Hensely*, 461 U.S. at 434. The Supreme Court has also instructed that the court should engage in a "strong presumption" that the lodestar figure, without adjustment, is the reasonable fee award. *Kenny v. Perdue*, 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Plaintiffs seek a total fee award of $79,543.85 consisting of 166.10 hours of work by attorney Charles Scalise at $350.00 per hour, 53.60 hours of work by Daniel Ross at the same rate. Plaintiffs also seek 42.90 hours of paralegal time for Ashley Slaten at a rate of $95.00 per hour and 49.30 hours of paralegal time for Erica Tovar at the same rate.[1] The declaration provided by counsel for plaintiffs (Exhibit A) establish the reasonableness of the hours expended, the lack of duplication of effort, and the reasonableness of the hourly rate charged in light of counsel's experience and awards in similar cases. With the lodestar established, and the Court must determine if any reason exists to reduce the lodestar in this case.

---

[1] Attorney's fees also include work performed by paralegals. *See Vela v. City of Houston,* 276 F.3d 659, 681 (5th Cir. 2001)

The factors the court should consider when addressing the possible reduction of the lodestar are: (1) the time and labor involved; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 at 717-19.  The most critical factor in the analysis is the "degree of success obtained." *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998); *see also Farrar v. Hobby,* 506 U.S. 103, 114 (1992); *Hensley,* 461 U.S. at 436.  Moreover, some of these factors are subsumed in the initial lodestar calculation. *See Saizan,* 448 F.3d at 800.  Thus, if the calculation of the lodestar figure already took a specific factor into account, the Court cannot consider it to adjust the lodestar value. *Id.*  Doing so would be impermissible double counting. *Id.* at 800 (citing *Migis,* 135 F.3d at 1047).

In this case, the Court should not conclude that any of these factors weigh in favor of a reduction of the lodestar.  Plaintiffs' counsel represented Plaintiffs on a contingency fee basis to the exclusion of other work.  Given the relatively small amount of damages involved and the lack of time records to prove the claims, the claims were undesirable.  Plaintiffs' counsel are experienced attorneys one of whom has litigated over 1000 claims under the FLSA.  Plaintiffs obtained full relief from the jury constituting the highest degree of success obtained.

The sole possible argument for reducing the fee in this case would be that the fees far exceed the amount of damages obtained. However, it is not surprising in this type of case that the award of damages is exceeded by the attorneys' fees charged. *Prater v. Commerce Equities Man. Co., Inc.*, 2008

WL 5140045 at *3 (S.D. Tex. Dec.8, 2008) ($117,000 fee award on case recovering a total of $8,500 in damages) (Rosenthal, J.).  Moreover, the Defendants must shoulder the responsibility for the level of attorneys fees in this case due to their consistent rejection of Plaintiffs' reasonable settlement overtures.  Thus, the Court should find that this is not one of the exceptional cases where the lodestar should be reduced. *Saizan*, 448 F.3d at 800.

Plaintiffs also seek an award of costs including court costs, copying and other litigation related expenses in the total amount of $7,543.83. There is a strong presumption under Federal Rule of Civil Procedure 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir.2006). Plaintiffs seek both those costs that are taxable under 28 U.S.C. § 1920, as well as those not identified under that section. The Court should find no reason to disallow the costs requested. Plaintiffs are entitled to taxable and nontaxable litigation costs in the amount of $7,543.83. *See, e.g.*, *Roussel v. Brinker Int'l, Inc.*, 2010 WL 1881898 (S.D. Tex. Jan. 13, 2010) (Ellison, J.) (awarding both taxable and nontaxable litigation expenses).

### III.     LIQUIDATED DAMAGES

An employer who violates the FLSA is liable for unpaid wages and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Bernard v. IBP, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998).1 By its terms, the FLSA mandates an award of liquidated damages following a determination of liability for back pay. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1414 (5th Cir. 1990). The district court (rather than the jury) makes the liquidated damages award. *Bernard*, 154 F.3d at 267; *Mireles*, 899 F.2d at 1414-15.

The only exception to the statutorily mandated award of liquidated damages is found in 29 U.S.C. § 260, which grants a court discretion to reduce or eliminate a liquidated damage award if the employer pleads and proves a "good faith" affirmative defense. *Bernard*, 154 F.3d at 267. A district

court may not exercise its discretion to reduce an award of liquidated damages unless the employer demonstrates that, in violating the FLSA, the employer *both*: (1) acted with subjective good faith; *and* (2) that its actions were objectively reasonable. *Mireles*, 899 F.2d at 1415 (italics in original, bold added). Liquidated damages are presumed. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). The burden, under 29 U.S.C. § 260, "is a difficult one to meet, however," and an award of additional "damages are the norm, single damages the exception....'" *Brock v. Wilamowsky,* 833 F.2d 11, 19 (2d Cir.1987) (quoting *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir.1986)). The "good faith" defense "requires plain and substantial evidence of at least an honest intention to ascertain what the FLSA requires and to comply with it." *Dalheim v. KDFW-TV*, 712 F.Supp. 533, 536 (N.D.Tex.,1989).

In this case, Defendants admitted at trial through the testimony of Bilal Jordan that they did nothing to determine whether or not they were required to pay overtime to the Plaintiffs. Defendants put on no evidence of an honest intention to ascertain what the FLSA required regarding the payment of overtime to the Plaintiffs or that they had an honest intention of complying with the law. Accordingly, Defendants have not met their burden of establishing their "good faith" defense and liquidated damages should be awarded.

The jury awarded a total of $3,321.70 to Lissette Ramirez and $1,038.60 to Shola Akintunde. This Court should award equal amounts of $3,321.70 and $1,038.60 as liquidated damages.

**IV.**     **<u>MOTION FOR ENTRY OF FINAL JUDGMENT</u>**

Plaintiffs respectfully request that this Court enter a final judgment based upon Plaintiffs Motion for Judgment on the Verdict, Motion for Award of Reasonable Attorneys Fees and Costs, and Motion for Award of Liquidated Damages as follows:

A final judgment of (1) $6,643.40 in favor of Lissette Ramirez and against Bilal Jordan and

Aldreamia Omar Insurance Agency of Texas, Inc., jointly and severally liable; (2) $2,077.20 in favor of Shola Akintunde and against Bilal Jordan and Aldreamia Omar Insurance Agency of Texas, Inc., jointly and severally liable; and (3) $87,087.68 in reasonable attorneys fees and costs in favor of Shola Akintunde and Lissette Ramirez and against Bilal Jordan and Aldreamia Omar Insurance Agency of Texas, Inc., jointly and severally liable.

Respectfully submitted this 6th day of September, 2011.

/s/ Charles L. Scalise
Charles L. Scalise
S.D No. 926209
Texas State Bar No. 24064621

Daniel B. Ross
S.D. No. 905707
Texas State Bar No. 00789810

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Josef F. Buenker
1201 Prince Street
Houston, TX 77008

/s/ Charles L. Scalise
Charles L. Scalise